Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
_____ District of _____

_____ Division

| | |
|---|---|
| JEFFREY CABRAL | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| _____ | ) |
| *Plaintiff(s)* | ) Jury Trial: *(check one)* ☑Yes ☐No |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |
| –v– | ) |
| CITIBANK N.A.; MARK MASON/ CFO | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

I.    **The Parties to This Complaint**

    A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | JEFFREY MICHAEL CABRAL |
| Street Address | 1422 providence Pike |
| City and County | North Smithfield, Providence County |
| State and Zip Code | Rhode Island |
| Telephone Number | 508-663-6918 |
| E-mail Address | Jeff.cabral1377@gmail.com |

    B.    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

Name                                  CITIBANK N.A.
Job or Title *(if known)*              Trustee
Street Address                         388 greenwich St.
City and County                        New York City, New York County
State and Zip Code                     New York, 10013
Telephone Number                       212-559-1000
E-mail Address *(if known)*

Defendant No. 2

Name                                  MARK MASON
Job or Title *(if known)*              Chief Financial Officer
Street Address                         388 greenwich St.
City and County                        New York City, New York County
State and Zip Code                     New York, 10013
Telephone Number                       212-559-1000
E-mail Address *(if known)*

Defendant No. 3

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

Defendant No. 4

Name
Job or Title *(if known)*
Street Address
City and County
State and Zip Code
Telephone Number
E-mail Address *(if known)*

**II.**    **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.**    **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

12 U.S.C. 504 ; 12 U.S.C. 1431 ; 15 U.S.C. 1691(a)(3) ; 12 U.S.C. 412 ; 18 U.S.C. 8 ; 18 U.S.C. 1348

Bill of Rights 5th Amendment ;  Article 4 of The Constitution.

**B.**    **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* JEFFREY CABRAL _____ , is a citizen of the State of *(name)* Rhode Island _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* MARK MASON _____ , is a citizen of the State of *(name)* New York _____ . Or is a citizen of *(foreign nation)* _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

        The defendant, *(name)* CITIBANK N.A. , is incorporated under

        the laws of the State of *(name)* Rhode Island , and has its

        principal place of business in the State of *(name)* New York .

        Or is incorporated under the laws of *(foreign nation)* ,

        and has its principal place of business in *(name)* .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Civil Money Penelty Third Tier- @ 30 Days = $30,000,000.00 Payable to United States Treasury

Compensatory Damages- Attorney Fees and Filing Fees @30 days = $30,000.00

Total Damages = $30,030,000.00

## III.   Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Attached a written copy.

## IV.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Attached a written copy.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *1 - 24 - 2024*

Signature of Plaintiff    *Cabral, Jeffrey - M*

Printed Name of Plaintiff    *Jeffrey M. Cabral*

### B. For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

# STATEMENT OF CLAIM

## INTRODUCTION

COME NOW, JEFFREY CABRAL plaintiff, by and through, Jeffrey Michael Cabral, Pro Se, allege and state as follows:

## PARTIES

1.   The Plaintiff Jeffrey Michael Cabral. is a person residing in Providence, county Rhode Island, at all times relevant and all actions related to Plaintiffs stated herein took place in and around Providence, county Rhode Island.

2.   The plaintiff's cause of action is brought before the Honorable Court for actual, statutory, and punitive damages, against Defendants Citibank N.A. and Mark Mason (hereafter, collectively "Defendants"), for breach of fiduciary duties due to not following directions in 12 U.S.C. 504

3.   Defendant is Citibank N.A. A corporation organized under the laws of the United States. Defendant's Principal Executive Office Address is 388 Greenwich St. New York, NY 10013. Defendant conduct business in the State of Rhode Island.

4.   Defendant is Mark Mason Chief Executive Officer for Citibank N.A. and conducts business at the Principals Executive Office located in paragraph 3.

5.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

6.   Defendants' agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

## JURISDICTION AND VENUE

7.   The jurisdiction of this court arises under 28 U.S.C. 1331, 28 U.S.C. 1337, and 12 U.S.C. 504. The venue in this district is proper in that the Defendants conduct business in Providence County, Rhode Island, and the allegations for damages occurred in Providence County, Rhode Island.

## GENERAL FACTUAL ALLEGATIONS

8.   Plaintiff submitted and signed consumer credit application offered by the Defendants which was signed with a blank indorsement by plaintiff.

9.   Plaintiff accepted this credit transaction and this line of credit.

10.   Plaintiff and Defendants had entered a contract for the extension of consumer credit in March of 2018. This document was also indorsed in blank by plaintiff.

11.   Plaintiff was not aware of his rights and did not reserve them upon signing.

12. These indorsements caused the Plaintiff to be listed in the contract as the Borrower and made him liable directly for the payment.

13. Plaintiff became aware of his consumers rights and applicable laws governing negotiable instruments.

14. Plaintiff should be listed on contract as the Creditor extending his credit for the contract per 15 U.S.C. 1602 referring to a consumer having a party being a natural person and he is not an obligated party but a party of Interest.

15. 15 USC 1605 states "the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended and imposed directly or indirectly by the creditor as an incident to the extension of credit."

16. Plaintiff not being aware of his constitutional right to credit as well as the cost of the credit being extended to him had previously been tendering payment with federal reserve notes transferred from a personal bank account.

17. Plaintiff noticed the application for credit is a collateral security and is exchangeable with the Federal Reserve pursuant to 12 U.S.C. 412 For notes.

18. Notes are securities.

19. Securities are Promissory notes.

20. A promissory note is a negotiable instrument and unconditional promise to pay at a future date and are denominated in U.S Dollars.

21. A negotiable instrument is bill of exchange.

22. Plaintiff after reviewing all documents noticed billing statement is a bill of exchange or draft or order.

23. Bills of exchange are collateral securities pursuant to 12 U.S.C. 412. And denominated in U.S. Dollars.

24. An unconditional order to pay and Bills of exchange for consumer debt are obligations of the United States per 18 U.S.C. 8

25. The contract or cardmember agreement is a promise to pay or perform.

26. Due to the plaintiff's signature being the birth of value for all the above negotiable instruments, plaintiff is the secured party for all transactions in this deal.

27. Plaintiff received the monthly billing statement along with negotiable instrument attached issued by Defendants.

28. Plaintiff at this time composed a letter addressed to the Defendant Mark Mason at Defendants headquarters expressing the plaintiffs right to credit as well as his intent to collect guaranteed equity and Interest in the contract owed to the Principal.

29. On November 15, 2023 Plaintiff mailed a letter via certified mail.

30. Plaintiff attached a letter of instructions for tender of payment.

31. Plaintiff accepted the value in the negotiable instrument from the billing statement to tender the payment per the Bills of exchange act. And U.C.C. section 3.

32. The Negotiable instrument was an order to pay.

33. The Negotiable instrument was signed.

34. The Negotiable Instrument was payable on demand.

35. Plaintiff demanded that this tender of payment be completed by Defendants in 5 business days time.

36. Plaintiff attached power of attorney to show authorization to act on account.

37. Defendants received correspondence on Nov. 20, 2023 via certified mail.

38. Defendants failed to act or respond or act in the 5 business days time.

39. Plaintiff performed his obligation to tender payment at this time.

40. On November 28, 2023 the Plaintiff mailed out an opportunity to cure letter demanding Defendants to tender payment utilizing the Principals balance stated in negotiable instrument and instructions attached and sent to Defendants headquarters.

41. Defendants received correspondence on December 4, 2023 via certified mail.

42. Defendants failed to act or respond in the 5 business days time.

43. On December 11, 2023 the Plaintiff mailed a 3rd letter labeled Default to Defendants utilizing the U.S. certified mail delivery system and was not accepted by Defendants found by plaintiff on January 3, 2024.

44. On January 11, 2024 the plaintiff mailed out another Default letter to Defendants headquarters demanding again to tender payment and that this matter is of upmost importance and needs immediate attention.

45. Defendants again are not accepting any mail from Plaintiff Via certified mail currently.

46. Defendants failed to act or respond in 5 business days time.

47. Defendants are in Dishonor by way of non-acceptance.

48. Plaintiff at this time is being forced to tender payment in federal reserve notes under duress as before the allegations started to keep account from default status.


COUNT 1 - BREACH OF FEDUCIARY DUTIES

49. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-48.

50. Defendants received Durable Power of Attorney outlining fiduciary duties of Jeffrey Michael Cabral.

51. Defendant (Citibank N.A.) is the Trustee.

52. Defendant (Mark Mason) is the Registered Agent.

53. Plaintiff is the Beneficiary.

54. Defendants had a Fiduciary duty and to complete the orders sent by Jeffrey Michael Cabral.

55. Defendants quietly defied or failed to complete orders or comply in any way.

56. Failure on the Defendants part to complete these orders has denied Plaintiff the right to his credit and to be able provide for his household.

57. This damaged Plaintiff by emotionally breaking trust and causing anxiety and depression.


## COUNT 2 – BREACH OF CONTRACT

58. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-57.

59. Defendants were notified that there were collateral securities involved in this transaction.

60. Exchanged federal reserve notes were placed into a security account.

61. Plaintiff exercised his right to utilize the Interest and Equity in the contract with a negotiable instrument drawn from this security account.

62. This negotiable instrument was issued by the Defendants and offered to the Plaintiff in the form of a bill of exchange.

63. Plaintiff performed his duty and tendered payment per card member agreement and applicable acts associated with negotiable instruments.

64. Plaintiff in good faith gave due diligence in all notices sent.

65. Defendants denied, defied or ignored all orders and failed to reply or acknowledge.

66. Due to this breach of contract the Plaintiff's consumer rights are being impeded as well as his right to credit.

67. This damaged plaintiff materially due to payment being withheld, not accepted and not available for use by the plaintiff.

COUNT 3 – 12 U.S.C. 504 (CIVIL MONEY PENELTY)

(FEDERAL RESERVE ACT)

68. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-67.

69. This Civil Money Penalty is collected and deposited into the Treasury, so plaintiff intends to send a copy of this complaint to the SEC, Federal Reserve, Federal Trade Commision, Office of the Comptroller, Rhode Island Dept. of Commerce as well as the Treasury for inspection and collection. PLAINTIFF IS WILLING TO FOREGO THIS STEP IF DEFENDANTS ARE WILLING TO QUICKLY AND RAPIDLY ASSIST ME IN MY PRIOR ORDERS FOR REMEDY OF THIS SITUATION.

COUNT 4– 18 U.S.C. 1348 (SECURITIES AND COMMODITIES FRAUD)

70. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-69.

71. Plaintiff was never informed as to these instruments being negotiable.

72. Plaintiff was never informed of various optional indorsements in accordance with UCC Article 3 or Bills of Exchange Act.

73. Fraud is due to lack of complete failure to disclose the terms and options of signing/indorsing above collateral securities.

74. Due to the plaintiff's signature being the birth of value for all the above negotiable instruments the plaintiff is the secured party for all transactions in this deal. A stated in paragraph 18.

75. This damaged plaintiff's materially due to valuable instruments being withheld, not accepted and not available for use by the plaintiff.

SUMMARY

THE PLAINTIFF, WHILE ASSERTING CLAIMS FOR DAMAGES, REMAINS COMMITTED TO FACILITATING THE RESOLUTION OF THIS MATTER EXPEDITIOUSLY. The Plaintiff expresses a fervent interest in achieving an amicable resolution that is mutually beneficial. It is the sincere intention of the Plaintiff to conclude the matter with the disbursement of all due commissions. In pursuit of an outcome wherein all parties involved emerge victorious, the Plaintiff acknowledges the damages

sustained and asserts their entitlement to compensation. Simultaneously, the Plaintiff recognizes the value of the work performed by the Defendants and acknowledges the need for equitable remuneration for their contribution as well.

THE PLAINTIFF ENTERS THIS COURT PROCEEDING WITH A CONSTRUCTIVE INTENT, VESTED IN THE DESIRE TO COLLABORATE WITH THE DEFENDANT TOWARDS A FAIR AND EQUITABLE CONCLUSION.

RELIEF

NOW THERFORE, In accordance with the pertinent legal provisions and in the interest of justice, the Plaintiff respectfully request this Honorable Court to issue an Order for the award of monetary damages against the Defendants, named Citibank N.A. and Mark Mason. The Plaintiff further seeks any additional and appropriate relief that this Court, in its wisdom, may consider just and equitable given the circumstances at hand.

The Plaintiff's first priority for relief would consist of being granted the right to act as Beneficiary on the account as per applicable laws provide and Citibank N.A. to act as the Trustee and adhere to the fiduciary responsibility and to instruct Defendants to allow Jeffrey Michael Cabral to claim all Titles, Rights and duly owed interest on his account and for both parties to continue achieving a mutually beneficial relationship for many years to come.

BREACH OF FEDUCIARY DUTY
The Plaintiff seeks losses of legal fees in the amount of $1,000.00 per day @ 30 days = $30,000.00

CIVIL MONEY PENELTY (THIRD TIER) 12 U.S.C. 504 (FEDERAL RESERVE ACT) Defendant Mark Mason knowingly breached fiduciary duties and Plaintiff seeks damages Payable to United States Treasury in the amount of $1,000,000.00 Per day @ 30 days = $30,000,000.00

At this time the plaintiff's rights are continuing to being violated by the Defendants as per the bill of Rights article 5 and Article 4 of the Constitution. The Plaintiff does not have access to his credit or access to his securities as they are being withheld against his will and has exercised due diligence in good faith to resolve this matter with no consideration from the Defendants.