## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JEFFREY CABRAL,         )
    Plaintiff,        )
                )
   v.             )      C.A. No. 24-cv-039-JJM-LDA
                )
CITIBANK, N.A. and MARK MASON,   )
    Defendants.      )
                )

## ORDER

Alleging that his credit card contract entitles him to all the interest that accrues on the unpaid balance on his account, Plaintiff Jeffrey Cabral sued Defendants Citibank, N.A. and its Chief Financial Officer Mark Mason for breach of fiduciary duty, breach of contract, under 12 U.S.C § 504 for civil money penalties, and 18 U.S.C. § 1348 for securities and commodities fraud. ECF No. 3. Defendants move to dismiss Mr. Cabral's Complaint procedurally for lack of proper service under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure and substantively under Rule 12(b)(6) for failure to state a claim. ECF No. 10.

The Court will first deal with the service issue. Mr. Cabral is appearing pro se, so the United States Marshals served the Complaint. An individual who did not identify themselves as Defendants' agent signed the summons. While the specific service details are unknown, a pro se plaintiff generally "will not be held responsible for the mistakes of the United States Marshal who effected improper service of process" when the mistake made was "harmless" to the case. *Connolly v. Shaw's Supermarket, Inc.*, 355 F. Supp. 3d 9, 17 (D. Mass. 2018). A mistake is "harmless"

when the defendant still obtains "actual notice" and "was not prejudiced" by the insufficient service of process. *Id.* at 16. In this case, Citibank clearly had notice of the Complaint albeit through its own means and demonstrated its notice by moving to dismiss it. Therefore, the Court finds that any service issues were harmless as Citibank was not prejudiced, so the Court denies Defendants' Motion to Dismiss under Rules 12(b)(4) and (5).

Moving on to the substance, the Court considers Defendants' motion under the familiar Rule 12(b)(6) standard. To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept a plaintiff's allegations as true and construe them in the light most favorable to him. *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48 (1st Cir. 2009). "A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no set of facts which could entitle plaintiff to relief." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45–48 (1957)).

Mr. Cabral brings two claims sounding in breach of the credit card agreement – breach of contract and breach of fiduciary duty.

When interpreting a contract, one must first "'attempt to ascertain the intent of the parties.'" *Morgan v. Bicknell*, 268 A.3d 1180, 1183 (R.I. 2022) (quoting *Woonsocket Tchr.s' Guild, Loc. 951 v. Sch. Comm. of City of Woonsocket*, 367 A.2d

203, 205 (1976)). If intent can be determined from the terms and express language of the contract, then the parties are governed by that intention. *Id.* at 1184. To determine whether a contract is "'clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning.'" *Id.* (quoting *W.P. Ass'n. v. Forcier, Inc.*, 637 A.2d 353, 356 (R.I.1994)). A contract is ambiguous if it is "'reasonably susceptible to different constructions.'" *Id.* (quoting *Paul v. Paul*, 986 A.2d 989, 993 (R.I. 2010)). If there is no ambiguity within the contract when interpreting it using the plain meaning of the provisions, then "'the contract is controlling in regard to the intent of the parties to such contract and governs the legal consequences of its provisions.'" *Dovenmuehle Mortg., Inc. v. Antonelli*, 790 A.2d 1113, 1115 (R.I. 2002) (quoting *Elias v. Youngken*, 493 A.2d 158, 163 (R.I.1985)).

The Court finds that the agreement here is unambiguous and thus affords its language its usual meaning. Mr. Cabral is the debtor and Defendants are the creditors. The agreement states that Mr. Cabral agreed that he "must pay us [Citibank] for all amounts due on [his] account." ECF No. 3-8. The billing statement shows the amounts due on the account by stating "the total amount you owe us on the Statement Closing date" and the agreement states that a part of this billing statement includes "any interest charges or fees." *See id.* Thus, the plain meaning of the contract requires Mr. Cabral to pay Defendants for any amounts due for the charges he makes and any interest that has accrued on his account. Considering this reading of the agreement, any claim for breach of contract based on Citibank owing

Mr. Cabral interest on his credit card charges is not factually plausible and fails under Rule 12(b)(6).

Mr. Cabral's breach of fiduciary duty claim also fails. First, without a plausible breach of contract claim, Mr. Cabral cannot have a plausible claim for breach of a fiduciary duty. And banks do not have a fiduciary duty to their debtors and the agreement does not set forth any intention that Mr. Cabral as debtor and Defendants as creditors have a relationship beyond that. *See Fraioli v. Lemcke*, 328 F. Supp. 2d 250, 267 (D.R.I. 2004) ("the existence of a fiduciary relationship is limited to the unusual case where the relationship goes far beyond that found in an ordinary business transaction."). Therefore, the Court finds that Mr. Cabral's breach of fiduciary claim fails.

Mr. Cabral brings two additional claims under federal statutes, 12 U.S.C. § 504–Civil Money Penalties and 18 U.S.C. § 1348–Securities and Commodities Fraud. Neither statute includes a private right of action so Mr. Cabral cannot state a claim for relief. The Court finds that both claims fail under Rule 12(b)(6).

The Court GRANTS Defendants' Motion to Dismiss Mr. Cabral's Complaint in its entirety. ECF No. 10.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

June 20, 2024